## SETTLEMENT AGREEMENT

This Settlement Agreement is made by and among, (i) JUFENG ZHENG, XIA CHEN a/k/a Jessica Chen and YU FENG ZHENG ("Plaintiffs"), and (ii) J&J US TRADING INC d/b/a TENGDA ASIAN BISTRO; SAMMY LIAO and ZU DUO LI a/k/a GEORGE LI, (collectively, "Defendants"), (Plaintiffs and Defendants, collectively, "the Parties"); and

WHEREAS, Plaintiffs were employed by Defendants for certain time periods; and

WHEREAS, on December 9, 2015, Plaintiffs JUFENG ZHENG and XIA CHEN a/k/a Jessica Chen, through their attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Southern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), SDNY Case No. 15-cv-09635 (the "Complaint"); and

WHEREAS, on July 5, 2016, Plaintiffs YU FENG ZHENG filed her Consent to Become Party Plaintiff; and

WHEREAS, Defendants deny all claims in Plaintiffs' Complaint and Amended Complaint; and

WHEREAS, the Parties have determined it to be in their mutual interest to settle the Action and all matters between them; and

WHEREAS, the Parties desire to have no further obligation to each other, except as specifically provided herein; and

WHEREAS, Plaintiffs have, throughout the negotiation and execution of this Agreement, been represented by their counsel, John Troy, Esq., Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355, Tel: 718 762 1324; and

WHEREAS, Defendants have, throughout the negotiation and execution of this Agreement, been represented by their counsel, Giacchino James Russo, Esq., LAW OFFICE OF GIACCHINO J. RUSSO & ASSOCIATES, 35-28 Farrington Street, 2nd Floor, Flushing, NY 11354, Tel: 718 460 2847 and

WHEREAS, Plaintiff's Attorney and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiffs' claims and Defendants' defenses; and

WHEREAS, Plaintiff acknowledges that she has entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone; and

WHEREAS, Plaintiff acknowledges that she understands the meaning and effect of the execution of this Agreement.

NOW, THEREFORE, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

### 1. Settlement Amount and Method of Payment

In exchange for and in consideration of the covenants and promises contained herein, including Plaintiffs' general release of all claims against Defendants and the Releasees (as defined herein) as set forth in Paragraph 2 below, Defendants will provide Plaintiff with a settlement in the amount of Eighty Thousand Dollars ($80,000.00). Of the Settlement Amount, One Third (1/3), or Twenty Six Thousand Twelve Dollars and Eighty Seven Cents ($26,012.87), is due to Plaintiff's attorneys, Troy Law, PLLC.

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiffs, are documented to the amount of One Thousand Nine Hundred Sixty One Dollars and Thirty Nine Cents ($1,961.39). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Seventy Eight Thousand Thirty Eight Dollars and Sixty One Cents ($78,038.61).

Of the Net Settlement Amount, One Third (1/3), or Twenty Six Thousand Twelve Dollars and Eighty Seven Cents ($26,012.87), is due to Plaintiffs' attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of One Thousand Nine Hundred Sixty One Dollars and Thirty Nine Cents ($1,961.39) for a total of Twenty Seven Thousand Nine Hundred Seventy Four and Twenty Six Cents ($27,974.26). Of the Net Settlement Amount, Two Thirds (2/3), or Fifty Two Thousand Twenty Five Dollars and Seventy Four Cents ($52,025.74) is due to Plaintiffs. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

Of the Net Settlement Amount due to Plaintiffs, Fifty Seven and Sixty Four Hundredth Percent (57.64%), or Twenty Nine Thousand Nine Hundred Eighty Five Dollars and Eleven Cents ($29,985.11) is due to Plaintiff JUFENG ZHENG; Four and Seventy Three Hundredth Percent (4.73%), or Two Thousand Four Hundred Fifty Eight Dollars and Thirty Four Cents ($2,458.34) is due to Plaintiff XIA CHEN a/k/a Jessica Chen; and Thirty Seven and Sixty Four Hundredth Percent (37.64%), or Nineteen Thousand Five Hundred Eighty Two Dollars and Twenty Nine Cents ($19,582.29) is due to Plaintiff YU FENG ZHENG.

The allocation percentage is determined as follows: By first finding the sum of compensatory damages (FLSA and NYLL) in the damages computed and one liquidated damage (NYLL) for each Plaintiff; plus Time-of-Hire and Paystub violations and delivery vehicle costs and then finding the total for both Plaintiffs; and finding the weight of each Plaintiff's compensatory and liquidated damages of this total.

The Settlement shall be payable on a schedule as set forth as follows:

a) Installment 01 of 25: Twenty Thousand Dollars ($20,000), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within one (1) month of the execution of the Settlement Agreement.
b) Installment 2 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered

to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 2 months of the execution of the Settlement Agreement.
c) Installment 3 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 3 months of the execution of the Settlement Agreement.
d) Installment 4 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 4 months of the execution of the Settlement Agreement.
e) Installment 5 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 5 months of the execution of the Settlement Agreement.
f) Installment 6 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 6 months of the execution of the Settlement Agreement.
g) Installment 7 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 7 months of the execution of the Settlement Agreement.
h) Installment 8 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 8 months of the execution of the Settlement Agreement.
i) Installment 9 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 9 months of the execution of the Settlement Agreement.
j) Installment 10 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 10 months of the execution of the Settlement Agreement.
k) Installment 11 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 11 months of the execution of the Settlement Agreement.
l) Installment 12 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 12 months of the execution of the Settlement Agreement.

m) Installment 13 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 13 months of the execution of the Settlement Agreement.
n) Installment 14 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 14 months of the execution of the Settlement Agreement.
o) Installment 15 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 15 months of the execution of the Settlement Agreement.
p) Installment 16 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 16 months of the execution of the Settlement Agreement.
q) Installment 17 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 17 months of the execution of the Settlement Agreement.
r) Installment 18 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 18 months of the execution of the Settlement Agreement.
s) Installment 19 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 19 months of the execution of the Settlement Agreement.
t) Installment 20 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 20 months of the execution of the Settlement Agreement.
u) Installment 21 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 21 months of the execution of the Settlement Agreement.
v) Installment 22 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 22 months of the execution of the Settlement Agreement.
w) Installment 23 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand

delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 23 months of the execution of the Settlement Agreement.

x) Installment 24 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 24 months of the execution of the Settlement Agreement.

y) Installment 25 of 25: Two Thousand Five Hundred Dollars ($2,500), consisting of a bank check made payable to "Troy Law, PLLC, as attorney" shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 25 months of the execution of the Settlement Agreement.

Prepayment of sums due under this agreement will be applied first to the next payment due hereunder.

## 2. Confession of Judgment

z) Concurrent with the signing of this Stipulation, an authorized corporate authority of J&J US TRADING INC d/b/a TENGDA ASIAN BISTRO; SAMMY LIAO and ZU DUO LI a/k/a GEORGE LI shall each sign a Confession of Judgment in the form annexed hereto as Exhibit B, C, D and E in the amount of One Hundred Twenty Thousand Dollars ($120,000.00), representing one and one half (1.5) times the Settlement Amount of Eighty Thousand Dollars ($80,000.00) less payments made under the Agreement plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement, which Confession of Judgment shall be held in escrow by Plaintiff's Attorney and shall not be filed with the Court unless Defendants fail to pay any of the payments required by paragraphs 1(a) through 1(y) on or by the dates they are due, and fail to cure within fourteen (14) days of receiving notice of default. The form of the Judgment of Confession may be altered as necessary by Plaintiff's counsel to ensure compliance with the requirements of the Court.

aa) Upon receipt of the final installment from Defendants, Plaintiffs' Attorney shall destroy the Confession of Judgment and confirm destruction of same to Defendants' Attorney.

## 3. Missed/ Late Payment

bb) If the payment is received by Plaintiffs' counsel ten (10) or more days after its due date or if the check is received on time but bounces or is otherwise non-depositable when presented for payment, Defendant agrees to pay a late charge of five percent (5%) of that Settlement Payment and this charge will be paid with the payment.

## 4. Attorneys' Fees in the Event of Default

cc) In the event of a breach of the agreement by Defendants for defaulting on the payment of the settlement amount, Defendant shall be responsible for Plaintiffs' attorneys' fees for attorneys' fees and cost and disbursements of judgment lien enforcement proceedings

## 5. Acceleration of Settlement Sum Upon Default

dd) In the event Defendants breach this Settlement agreement by failing to make timely payment, such breach shall result in accelerated payment of the entire Settlement sum.

## 6. Tax

ee) Each payer of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

## 7. Full Payment

ff) Except as set forth in this Paragraph 1, Plaintiffs are not entitled and shall not receive, any other payments or benefits from Defendants or the Releasees. Plaintiffs acknowledge and agree that unless they enter into this agreement, they would not otherwise be entitled to receive the consideration set forth in this Paragraph 1. Additionally, Plaintiffs each acknowledge and agree that after receipt of the consideration set forth in this Paragraph 1, they have each been paid and/or each received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which each of them is, was, or may have been entitled.

gg) The payments reflected in this Paragraph 1 are made in full and complete settlement of any and all claims by Plaintiffs against Defendants including but not limited to any and all claims arising from or concerning employment or the termination thereof, for actual damages, front pay, back pay, compensatory damages, liquidated damages, physical, mental and emotional injuries and pain and suffering, economic damage, damage to and loss of reputation, punitive damages, interest, attorneys' fees and costs and all claims which were or could have been in Plaintiffs' Complaint and all other related matters.

## 8. Mutual Release

In exchange for and in consideration of the covenants and promises contained herein, Plaintiffs, individually and on behalf of their children, spouse, agents, heirs, executors, administrators, beneficiaries, trustees and legal representatives, hereby waive, discharge, and release (i) SAMMY LIAO, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (ii) ZU DUO LI a/k/a GEORGE LI,, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (iii) J&J US TRADING INC d/b/a TENGDA ASIAN BISTRO and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees from any and all actions, causes of action, claims, debts, losses, obligations, liabilities, charges, grievances, complaints, suits, and/or demands concerning and

arising from Plaintiff's employment with any Defendant, or the termination thereof. This release includes the release for unpaid, inaccurate payment or nonpayment of wages and tips under any federal, state, or local law, including but not limited to federal and New York law (29 U.S.C. §201, *et seq.*, New York Labor Law §§191, 193, 196-d, 198-b, 650, *et seq.*, 652 and 653 and relevant sections of N.Y. Comp. Code R. & Regs.) and any other claims whatsoever alleged in the Complaint and all wage and hour claims which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, tips, and penalties of any nature whatsoever. This release does not include a release of any rights Plaintiffs may have under this Agreement.

Nothing herein, however, shall prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Securities and Exchange Commission, the Equal Employment Opportunity Commission or a federal, state, or local fair employment practices agency; provided, however, that Plaintiff further agrees and understand that they have each waived their right to recover monetary damages from Defendants in connection with any such charge, complaint or lawsuit filed by her or on her behalf arising from, or in any way relating to, their employment with Defendants.

Defendants unconditionally and irrevocably give up and release, to the fullest extent permitted by law, Plaintiff, Plaintiff's heirs, agents, and successors, jointly and severally, of and any and all actions, charges, complaints, controversies, demands, cause of action, suits and/or claims, that Defendants have or may have against Plaintiff as of the date the Agreement is signed on behalf of Defendants.

### 9. Discontinuance of Claims

Plaintiff acknowledges and agrees that she is not presently aware of any legal proceeding other than the Action pending between Plaintiffs and/or their representatives and Defendants or the Releasees. Plaintiff agrees to dismiss and withdraw Consolidated Action by executing the Stipulation of Voluntary Discontinuance with Prejudice in the form annexed hereto as Exhibit A ("Stipulation"), which Stipulation Plaintiff's attorneys shall file by ECF to be So-Ordered by the Court. Plaintiff shall further agree to refrain from refiling any and all claims against Defendants and the Releasees, including but not limited to, any and all claims asserted, or which could have been asserted, in the Complaint.

### 10. Agreement Not to File Suit/ Arbitration for Past Acts

Plaintiffs, for and on behalf of themselves and each of their respective beneficiaries, executors, administrators, successors, assigns, and anyone claiming through or under any of the foregoing, agree that they will not file or otherwise submit any claim, complaint, arbitration request or action to any court or judicial forum (nor will Plaintiffs permit any person, group of persons, or organization to take such action on their behalf) against the Releasees arising out of any actions or non-actions on the part of Releasees arising before execution of this Agreement. Plaintiff further agrees that in the event that any person or entity should bring such a claim, complaint, or action on her behalf, Plaintiff hereby waives and forfeits any right or claim to any form of monetary or other damages or any other form of recovery or relief in connection with

any such action and will exercise every good faith effort understand that the provision of this paragraph mean that she cannot bring a future lawsuit against Defendants arising out of any actions or failures to act arising before Plaintiff's execution of this Agreement.

### 11. Denial of Wrongdoing

Nothing contained in this Agreement, nor the fact that Plaintiff have been paid any remunerations under it, shall be construed, considered, or deemed to be an admission of liability or wrongdoing by Defendants or Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

### 12. Choice of Law and Forum

This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles. Any dispute, claim or cause of action arising out of, or relating to, Plaintiffs' employment with Defendants or this Agreement shall be resolved in the United States District Court for the Southern District of New York, with the prevailing party being awarded reasonable attorneys' fees as well as reimbursement of the filing fees.

### 13. Entire Agreement

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understanding between the Parties hereto. There is no other agreement except as stated herein. Plaintiffs acknowledge that Defendants have made no promises to them other than those contained in this Agreement.

### 14. Modification

This Agreement may not be changed unless the change is in writing and signed by the Parties.

### 15. General Provisions

The failure of any party to this Agreement to insist on strict adherence o any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

### 16. Legal Counsel

Plaintiffs are hereby advised of their right to consult with an attorney before signing this Agreement. Plaintiffs each hereby acknowledge that they were fully and fairly represented by Troy Law, PLLC, in connection with the review, negotiation and singing of this Agreement.

### 17. Execution

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF EACH ACKNOWLEDGES THAT HE/SHE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO IT OF HER OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**PLAINTIFFS**

JUFENG ZHENG

*/s/ Ju feng zheng*
Dated: 5/13/2017

XIA CHEN a/k/a Jessica Chen

*/s/ Xia Chen*
Dated: 5/12/2017

YU FENG ZHENG

X ZHENG YU FENG
Dated:

**DEFENDANTS**

SAMMY LIAO on behalf of
J&J US TRADING INC
d/b/a TENGDA ASIAN BISTRO

Dated:

SAMMY LIAO

Dated:

ZU DUO LI a/k/a GEORGE LI

Dated:

Plaintiffs are hereby advised of their right to consult with an attorney before signing this Agreement. Plaintiffs each hereby acknowledge that they were fully and fairly represented by Troy Law, PLLC, in connection with the review, negotiation and singing of this Agreement.

### 17. Execution

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF EACH ACKNOWLEDGES THAT HE/ SHE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO IT OF HER OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**PLAINTIFFS**

JUFENG ZHENG

_____
**Dated:**

XIA CHEN a/k/a Jessica Chen

_____
**Dated:**

YU FENG ZHENG

_____
**Dated:**

**DEFENDANTS**

SAMMY LIAO on behalf of
J&J US TRADING INC
d/b/a TENGDA ASIAN BISTRO

_____
**Dated:** 5/13/17

SAMMY LIAO

_____
**Dated:** 5/13/17

ZU DUO LI a/k/a GEORGE LI

_____
**Dated:** 5/13/17

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
JUFENG ZHENG,
XIA CHEN a/k/a Jessica Chen and
YU FENG ZHENG,

                              Plaintiffs,

v.

J&J US TRADING INC
d/b/a TENGDA ASIAN BISTRO;
JUN FENG GUO,
SAMMY LIAO and
ZU DUO LI a/k/a GEORGE LI

                              Defendants.
-----------------------------------------------------------x

Case No.

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE AGAINST J&J US TRADING INC d/b/a TENGDA ASIAN BISTRO; SAMMY LIAO and ZU DUO LI a/k/a GEORGE LI only**

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiff and Defendants J&J US TRADING INC d/b/a TENGDA ASIAN BISTRO; SAMMY LIAO and ZU DUO LI a/k/a GEORGE LI **only** for the above captioned action, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed, with prejudice and without costs or attorneys' fees to any party, as to Plaintiffs or Defendants. This Court retains jurisdiction to enforce the Settlement Agreement and the Release of this action.

TROY LAW, PLLC
*Attorneys for the Plaintiff*

By: _____
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel: 718 762 1324

LAW OFFICE OF GIACCHINO J.
RUSSO & ASSOCIATES
*Attorneys for Defendants*

_____
Giacchino James Russo, Esq.
35-28 Farrington Street 2nd Floor
Flushing, NY 11354
Tel: 718 460 2847

SO ORDERED.

_____

**EXHIBIT B**

_____ **COURT**
**COUNTY OF** _____        Case No.
-----------------------------------------------------------X
JUFENG ZHENG,
XIA CHEN a/k/a Jessica Chen and          **AFFIDAVIT OF CONFESSION**
YU FENG ZHENG,                           **OF JUDGMENT BY SAMMY**
                        Plaintiffs,      **LIAO**
        v.

J&J US TRADING INC
    d/b/a TENGDA ASIAN BISTRO;
JUN FENG GUO,
SAMMY LIAO and
ZU DUO LI a/k/a GEORGE LI
                        Defendants.
-----------------------------------------------------------X
STATE OF NEW YORK   )
                    ) ss:
COUNTY OF (Westchester)

SAMMY LIAO, being duly sworn, deposes and states as follows:

1. I am an adult individual residing at \_ 12 DEER Run Court, N. Salem, NY 10560.
2. I am individually named as a Defendant in Zheng et al. v J&J US TRADING INC d/b/a TENGDA ASIAN BISTRO et al., Civil Action No. SDNY Case No. 15-cv-09635 filed in the United States District Court for Southern District of New York (the "Lawsuit").
3. I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against myself, in the sum of One Hundred Twenty Thousand Dollars ($120,000.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
4. This confession of judgment is for a debt due to Plaintiffs JUFENG ZHENG, XIA CHEN a/k/a Jessica Chen and YU FENG ZHENG.
5. The facts out of which the debt arose and the sum confession due is set forth below:
6. On December 9, 2015, Plaintiffs JUFENG ZHENG and XIA CHEN a/k/a Jessica Chen through their attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the Lawsuit alleging claims under the Fair labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), (the "Complaint").

7. On July 5, 2016, Plaintiffs YU FENG ZHENG filed her Consent to Become Party Plaintiff.
8. On or around March 9, 2017, the Plaintiffs and Defendants executed a Settlement Agreement and General Release, (the "Agreement").
9. The agreement provides that Defendants will pay Eighty Thousand Dollars ($80,000.00).
10. If Defendants fail to make payments as outlined in Paragraph 8, Plaintiff may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiff shall notify Defendant and also Defendant's Attorney, Giacchino James Russo, Esq., LAW OFFICE OF GIACCHINO J. RUSSO & ASSOCIATES, 35-28 Farrington Street, 2nd Floor, Flushing, NY 11354, Tel: 718 460 2847, in writing of their intent to do so, and Defendants shall have fourteen (14) days to remedy their default.
11. If Defendants do not remedy the default within fourteen (14) days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against myself, SAMMY LIAO, for the entire amount of One Hundred Twenty Thousand Dollars ($120,000.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
12. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.
13. I authorize entry of judgment in New York County, New York.
14. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated: 5/13/17

_____
SAMMY LIAO

Sworn to me this 13 day of May, 2017

_____
Notary Public

GIACCHINO J. RUSSO
Notary Public, State of New York
No. 02RU4806109
Qualified in Westchester County
Commission Expires January 31, 2019

## EXHIBIT C

_____ COURT
**COUNTY OF** _____                    Case No.

---------------------------------------------------------------x
JUFENG ZHENG,
XIA CHEN a/k/a Jessica Chen and                    **AFFIDAVIT OF CONFESSION**
YU FENG ZHENG,                                     **OF JUDGMENT BY ZU DUO LI**
                                    Plaintiffs,   **a/k/a GEORGE LI**

            v.

J&J US TRADING INC
      d/b/a TENGDA ASIAN BISTRO;
JUN FENG GUO,
SAMMY LIAO and
ZU DUO LI a/k/a GEORGE LI
                                    Defendants.
---------------------------------------------------------------x

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF Westchester )

ZU DUO LI a/k/a GEORGE LI, being duly sworn, deposes and states as follows:

1. I am an adult individual residing at 12 Deer Run Court, North Salem, NY 10560.
2. I am individually named as a Defendant in Zheng et al. v J&J US TRADING INC d/b/a TENGDA ASIAN BISTRO et al., Civil Action No. SDNY Case No. 15-cv-09635 filed in the United States District Court for Southern District of New York (the "Lawsuit").
3. I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against myself, in the sum of One Hundred Twenty Thousand Dollars ($120,000.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
4. This confession of judgment is for a debt due to Plaintiffs JUFENG ZHENG, XIA CHEN a/k/a Jessica Chen and YU FENG ZHENG.
5. The facts out of which the debt arose and the sum confession due is set forth below:
6. On December 9, 2015, Plaintiffs JUFENG ZHENG and XIA CHEN a/k/a Jessica Chen through their attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the Lawsuit alleging claims under the Fair labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), (the "Complaint").

7. On July 5, 2016, Plaintiffs YU FENG ZHENG filed her Consent to Become Party Plaintiff.
8. On or around March 9, 2017, the Plaintiffs and Defendants executed a Settlement Agreement and General Release, (the "Agreement").
9. The agreement provides that Defendants will pay Eighty Thousand Dollars ($80,000.00).
10. If Defendants fail to make payments as outlined in Paragraph 8, Plaintiff may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiff shall notify Defendant and also Defendants' Attorney, Giacchino James Russo, Esq., LAW OFFICE OF GIACCHINO J. RUSSO & ASSOCIATES, 35-28 Farrington Street, 2nd Floor, Flushing, NY 11354, Tel: 718 460 2847, in writing of their intent to do so, and Defendants shall have fourteen (14) days to remedy their default.
11. If Defendants do not remedy the default within fourteen (14) days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against myself, JUN FENG GUO, for the entire amount of One Hundred Twenty Thousand Dollars ($120,000.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
12. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.
13. I authorize entry of judgment in New York County, New York.
14. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated: 5/13/17

_____
ZU DUO LI a/k/a GEORGE LI

Sworn to me this 5 day of May, 2017

_____
Notary Public

GIACCHINO J. RUSSO
Notary Public, State of New York
No. 02RU4806109
Qualified in Westchester County
Commission Expires January 31, 2019

**EXHIBIT D**

```
_____ COURT
COUNTY OF _____            Case No.
---------------------------------------------x
JUFENG ZHENG,
XIA CHEN a/k/a Jessica Chen and            **AFFIDAVIT OF CONFESSION**
YU FENG ZHENG,                             **OF JUDGMENT BY SAMMY**
                         Plaintiffs,       **LIAO, President for J&J US**
       v.                                  **TRADING INC d/b/a TENGDA**
J&J US TRADING INC                         **ASIAN BISTRO**
     d/b/a TENGDA ASIAN BISTRO;
JUN FENG GUO,
SAMMY LIAO and
ZU DUO LI a/k/a GEORGE LI
                         Defendants.
---------------------------------------------x
```

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF Westchester )

SAMMY LIAO, being duly sworn, deposes and states as follows:

1. I am an adult individual residing at  12 Deer Run Court, N. Salem, NY 10560
2. I am the President of Corporate Defendant J&J US TRADING INC d/b/a TENGDA ASIAN BISTRO, which is named as a Defendant in Zheng et al. v J&J US TRADING INC d/b/a TENGDA ASIAN BISTRO et al., Civil Action No. SDNY Case No. 15-cv-09635 filed in the United States District Court for Southern District of New York (the "Lawsuit").
3. Deponent is duly authorized to make this affidavit on behalf of Corporate Defendant &J US TRADING INC d/b/a TENGDA ASIAN BISTRO (the "Corporate Defendant").
4. I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against myself, in the sum of One Hundred Twenty Thousand Dollars ($120,000.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
5. This confession of judgment is for a debt due to Plaintiffs JUFENG ZHENG, XIA CHEN a/k/a Jessica Chen and YU FENG ZHENG.
6. The facts out of which the debt arose and the sum confession due is set forth below:

7. On December 9, 2015, Plaintiffs JUFENG ZHENG and XIA CHEN a/k/a Jessica Chen through their attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the Lawsuit alleging claims under the Fair labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), (the "Complaint").
8. On July 5, 2016, Plaintiffs YU FENG ZHENG filed her Consent to Become Party Plaintiff.
9. On or around March 9, 2017, the Plaintiffs and Defendants executed a Settlement Agreement and General Release, (the "Agreement").
10. The agreement provides that Defendants will pay Eighty Thousand Dollars ($80,000.00).
11. If Defendants fail to make payments as outlined in Paragraph 8, Plaintiff may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiff shall notify Defendant and also Defendants' Attorney, Giacchino James Russo, Esq., LAW OFFICE OF GIACCHINO J. RUSSO & ASSOCIATES, 35-28 Farrington Street, 2nd Floor, Flushing, NY 11354, Tel: 718 460 2847, in writing of their intent to do so, and Defendants shall have fourteen (14) days to remedy their default.
12. If Defendants do not remedy the default within fourteen (14) days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against myself, JUN FENG GUO, for the entire amount of One Hundred Twenty Thousand Dollars ($120,000.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
13. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.
14. I authorize entry of judgment in New York County, New York.
15. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated: 5/13/17

_____
Sammy Liao, President
for **J&J US TRADING INC d/b/a TENGDA ASIAN BISTRO**

Sworn to me this 13 day of May, 2017

_____
Notary Public

GIACCHINO J. RUSSO
Notary Public, State of New York
No. 02RU4806109
Qualified in Westchester County
Commission Expires January 31, 2018

16 of 16